Mitchell agt. Weed and Weed.

agt. Jones, there were other issues undetermined, and the appeal was from a judgment upon part of the issues, and as from a judgment; so the remarks of Justice PARKER, as to the propriety of an appeal as from an order, were wholly supererogatory. There has been no trial of an issue of law or of fact, which must be at a circuit or special term (§ 251, 252, 255). Besides here is a conditional order. The leave to amend makes it conditional. It is not final.

By the Court, HAND, Justice.—We think this is clearly a judgment upon an issue of law, and not an order. It is true, the defendant had leave to amend, and if he did not, the plaintiff must have the amount assessed by the clerk upon notice. But the leave to amend did not make the judgment itself conditional, and not final. Nor is it interlocutory. It is the final action of the court in a cause, and every thing remianing to be done is merely ministerial. It is like certain decrees in chancery, which used to be deemed final, though directions were given, and a reference ordered to carry them out.

The motion must be granted. But as plaintiff asks a favor, and the question is somewhat new, neither party will have costs. Motion granted.

---

## SUPREME COURT.

### MITCHELL agt. E. WEED and W. W. WEED.

Where an attachment against a non resident is issued under the Revised Statutes and the property attached has been discharged on a bond given by the friends of the defendant in the attachment, such defendant is not a competent witness for the makers of the bond in a suit upon it; although not nominally a party to the action.

Nor can he be made a competent witness by a release from the makers of the bond upon which suit is brought.

*New York Circuit, October* 1851, This action was originally commenced by attachment against George Hurlbut, a non resident. The warrant of attachment was issued in August 1848,

Aldrich agt. Lapham and others.

directed to the sheriff of Erie county, by virtue of which he attached a vessel belonging to said Hurlburt. Elias Weed and William W. Weed gave their bond under the statute to discharge the vessel; suit was then commenced on the bond against the above defendants. On the trial, the defendants offered as a witness George Hurlburt, the defendant in the original attachment; the court excluded the witness. Defendants' counsel then tendered a release from the Messrs. Weed, and again offered Hurlburt as a witness, contending that he was divested of his interest by virtue of the release, that he was not a party to this action, nor the one for whose immediate benefit the action was defended. The plaintiff's counsel objected, and the question was argued as to the competency of the witness.

EDWARDS PIERREPONT, *for Plaintiff*.

A. F. SMITH and A. K. HOPKINS, *for Defendants*.

EDWARDS, Justice.—I think the witness must be excluded; he is not a competent witness, and can not be made so by a release from the defendants, under section 399 of the Code. I consider him inadmissible.

-------◄●●●►-------

# SUPREME COURT.

## ALDRICH agt. LAPHAM AND OTHERS.

On the foreclosure of a mortgage, where there are infant defendants, the complaint must allege the requisite facts to show what the interests of the infants in the premises are; and then such facts in all cases must be sustained by legitimate proof, because they are never *admitted* in cases of infants.

*Erie Special Term, December* 1850. This is an action commenced for the purpose of foreclosing a mortgage executed by the defendant Lapham. There are other defendants, among whom are three infants; who, as the complaint states, " have, or claim to have, some interest in the mortgaged premises, or some part thereof." No reason but this, is shown for making